## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ARMANDO MENDOZA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-05-922-M |
| | ) | |
| FIELD SUPPORT SERVICES, INC., | ) | |
| a foreign corporation, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

This case is scheduled for trial on the Court's December, 2006 trial docket.

Before the Court is defendant's Motion for Summary Judgment, filed September 28, 2006.

On October 30, 2006, plaintiff filed his response.  On November 9, 2006, defendant filed its reply,

and on November 20, 2006, plaintiff filed his sur-reply.  Based upon the parties' submissions, the

Court makes its determination.

I.    INTRODUCTION

On or about October, 2003, the federal government verbally notified defendant Field Support

Services, Inc. ("FSSI") that it was the apparent winner of the Fort Sill Installation Support Services

Contract, with a start date of October, 2004.[1]  As part of the contract, FSSI is obligated to take

affirmative action to employ special disabled veterans and veterans of the Vietnam era.  The contract

awarded to FSSI was formerly held by ITT.  At the time the contract was awarded to FSSI, plaintiff

Armando Mendoza ("Mendoza") worked for ITT as the Government Furnished Property

---

[1]Under this contract, FSSI provides maintenance and support services for the United States
military at Fort Sill.

Administrator ("GFP").[2]

Charlie Johnson ("Johnson"), FSSI's Project Manager, was responsible for hiring all employees to fulfill the contract. Mendoza submitted an application for the position of GFP with FSSI, and Johnson interviewed Mendoza for the position.  FSSI did not hire Mendoza for the position of GFP or for any other position.

On August 11, 2005, Mendoza filed the instant action alleging the following causes of action:  (1) violation of the Age Discrimination in Employment Act ("ADEA"); (2) violation of the Vietnam Era Veterans Readjustment Assistance Act ("VEVRA");[3] and (3) breach of a third-party beneficiary contract.  FSSI now moves for summary judgment as to Mendoza's ADEA claim and third-party beneficiary claim.

II.     SUMMARY JUDGMENT STANDARD

"Summary judgment is appropriate if the record shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  The moving party is entitled to summary judgment where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party.  When applying this standard, [the Court] examines the record and reasonable inferences drawn therefrom in the light most favorable to the non-moving party." *19 Solid Waste Dep't Mechanics v. City of Albuquerque*, 156 F.3d 1068, 1071-72 (10th Cir.

---

[2]The duties of a GFP include maintaining hand receipts, inventory control, requesting, receiving, and marking all supplies and equipment; preparing and maintaining accounting records for all equipment; performing property administration tasks; maintaining and updating GFP Maintenance and Self-Help procedural manuals; scheduling leave; maintaining time and attendance records; counseling employees on minor problems; resolving minor problems and complaints; and conducting performance appraisals for GFP personnel.

[3]On March 22, 2006, this Court dismissed Mendoza's VEVRA claim.  *See* March 22, 2006 Order [docket no. 23].

1998) (internal citations and quotations omitted).

"Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.  Furthermore, the non-movant has a burden of doing more than simply showing there is some metaphysical doubt as to the material facts. Rather, the relevant inquiry is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Neustrom v. Union Pac. R.R. Co.*, 156 F.3d 1057, 1066 (10th Cir. 1998) (internal citations and quotations omitted).

III.   DISCUSSION

A.   ADEA Claim

ADEA claims are analyzed under the three-step framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-04 (1973).  *Munoz v. St. Mary-Corwin Hosp.*, 221 F.3d 1160, 1165 (10th Cir. 2000).  Under the *McDonnell Douglas* framework, a plaintiff bears the initial burden of establishing a prima facie case by a preponderance of the evidence.  *Munoz*, 221 F.3d at 1165. For purposes of summary judgment, FSSI does not dispute that Mendoza has established a prima facie case.

Once the plaintiff establishes his prima facie case, the defendant must then articulate a legitimate, nondiscriminatory reason for the adverse employment action suffered by the plaintiff. *Id.*  FSSI asserts Mendoza was not hired based upon his performance at ITT and his interview. Specifically, FSSI asserts that Mendoza's response to the question regarding naming the two best and weakest employees in his department was inadequate, that when asked about the performance of his department, Mendoza stated that he needed more people to do the job, and that Mendoza

exhibited a negative attitude throughout the government contract transition period from ITT to FSSI. The Court finds FSSI has met its burden to produce a legitimate, non-discriminatory reason for terminating Mendoza's employment.

"Once the employer has asserted a facially nondiscriminatory reason for its actions, the plaintiff may still resist summary judgment, either by presenting evidence that the employer's reason is pretextual, i.e., unworthy of belief, or by otherwise introducing evidence of a discriminatory motive." *Danville v. Reg'l Lab Corp.*, 292 F.3d 1246, 1250 (10th Cir. 2002). "'Pretext can be shown by such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder could rationally find them unworthy of credence and hence infer that the employer did not act for the asserted non-discriminatory reasons.'" *Id.* (quoting *Morgan v. Hilti, Inc.*, 108 F.3d 1319, 1323 (10th Cir. 1997)). "When assessing whether plaintiff has made an appropriate showing of pretext, [the court] must consider the evidence as a whole." *Danville*, 292 F.3d at 1250.

The Court has carefully reviewed the parties' briefs and evidentiary submissions. Viewing the evidence in the light most favorable to Mendoza and viewing all reasonable inferences in Mendoza's favor, as the Court must when addressing a motion for summary judgment, the Court finds Mendoza has not presented sufficient evidence to create a genuine issue of material fact as to whether FSSI's explanation is pretextual.

In his response, Mendoza contends that FSSI's reasons for not hiring him are false based upon his interpretation of his responses in the interview and his performance at ITT. First, Mendoza asserts that his answer to the best/weakest employees question was adequate and asserts that if FSSI had reviewed his job performance evaluations, the evaluations would have revealed that he excelled

in his position as a GFP.  Mendoza, however, cannot establish pretext by disputing FSSI's business judgment.  *See Faulkner v. Super Valu Stores, Inc.*, 3 F.3d 1419, 1426 (10th Cir. 1993) ("The ADEA is not a vehicle for reviewing the propriety of business decisions."); *Branson v. Price River Coal Co.*, 853 F.2d 768, 772 (10th Cir. 1988) ("courts are not free to second-guess an employer's business judgment").  The Court, accordingly, finds Mendoza's disagreement with FSSI's business decision not to hire him is not enough to survive summary judgment.

Second, Mendoza asserts that his interview form does not show that he refused to answer the best/weakest employees question.  A review of the form, however, shows that while he did not refuse to answer the question, Mendoza did not completely answer the question, specifically, Mendoza only listed one weak employee and did not give any reason as to why that employee was weak.  Third, in his response, Mendoza questions the propriety of FSSI's failure to review his performance evaluations or reports.  However, as is clearly set forth in Johnson's deposition, which was attached in its entirety to Mendoza's response, prior to interviewing the employees, Johnson obtained information regarding the employees' performance by observing the employees, touring the shops, and speaking with the project manager and the supervisors regarding which employees were doing a good job.  Fourth, Mendoza contends that FSSI's reasons for not hiring Mendoza are only supported by Johnson's "self-serving" affidavit.  A review of the parties' submissions, however, reveals that FSSI's reasons are also supported by Johnson's deposition testimony and by Mendoza's interview form.

Fifth, Mendoza asserts that he has established that FSSI's reasons for not hiring him are pretextual based upon the fact that FSSI's hiring practice was entirely subjective.  Having carefully reviewed the parties' submissions, the Court finds that while the interview process is itself somewhat

subjective, all of the interviews in the case at bar were guided by specific written criteria, as is set forth on the interview form, and as such does not raise an inference of discrimination.

Finally, Mendoza submits statistical evidence which he contends shows age discrimination. "It is uniformly recognized that statistical data showing an employer's pattern of conduct toward a protected class can create an inference that an employer discriminated against individual members of the class." *Fallis v. Kerr-McGee Corp.*, 944 F.2d 743, 746 (10th Cir. 1991).  However, statistical evidence "may be so flawed as to render it insufficient to raise a jury question." *Furr v. Seagate Tech., Inc.*, 82 F.3d 980, 986 (10th Cir. 1996)  The Tenth Circuit has held:

> in order for statistical evidence to create an inference of discrimination, the statistics must show a significant disparity and eliminate nondiscriminatory explanations for the disparity.  In other words, a plaintiff's statistical evidence must focus on eliminating nondiscriminatory explanations for the disparate treatment by showing disparate treatment between *comparable* individuals.

*Fallis*, 944 F.2d at 746 (internal citations omitted) (emphasis in original).

Having carefully reviewed Mendoza's statistical evidence, the Court finds that this evidence is so flawed that it can not be relied upon to establish that Mendoza was discriminated against on the basis of his age.  Specifically, the Court finds that Mendoza's statistical data fails to take into account non-discriminatory reasons for the numerical disparities.  Additionally, Mendoza's statistics are based only on FSSI's business department.  A "small sample size significantly lessens the value of [a] plaintiff's statistical data.  The smaller the sample size, the greater the likelihood that the under representation reflects chance rather than discriminatory practices." *Romig v. City of Iola, Kan.*, 34 F. Supp. 2d 1265, 1274-75 (D. Kan. 1998) (internal quotations and citation omitted).

Accordingly, the Court finds that FSSI is entitled to summary judgment as to Mendoza's ADEA claim.

B.      Third-Party Beneficiary Claim

Mendoza asserts that he is a third-party beneficiary of the federal contract entered into by FSSI, and specifically of the affirmative action provision of the contract,[4] and that FSSI breached this provision of the contract.  FSSI, however, asserts that Mendoza can not maintain a third-party beneficiary claim and that it, consequently, is entitled to summary judgment.

Okla. Stat. tit. 15, § 29 provides: "[a] contract, made expressly for the benefit of a third person may be enforced by him at any time before the parties thereto rescind it."[5]  "To entitle a third person to maintain an action to enforce such a contract, it must appear that the contract was made 'expressly' for his benefit, and it is not sufficient for him to show that he will be incidentally benefitted by the performance of the contract."  *Plunkett v. Atkins*, 371 P.2d 727, 730 (Okla. 1962) (internal quotations and citation omitted).

Having carefully reviewed the parties' submissions and the affirmative action provision included in the contract, the Court finds that the affirmative action provision in the federal contract

---

[4]The contract specifically incorporated 48 CFR § 52.222-35, which provides, in pertinent part:

> The Contractor shall take affirmative action to employ, advance in employment, and otherwise treat qualified special disabled veterans, veterans of the Vietnam era, and other eligible veterans without discrimination based upon their disability or veterans' status in all employment practices such as – . . . (ii) Hiring . . . .

[5]State law governs whether a particular party is a third-party beneficiary to a contract between the federal government and a contractor, unless "the federal government has an articulable interest in the outcome of a dispute . . . ."  *Anderson v. Eby*, 998 F.2d 858, 864 (10th Cir. 1993) (internal quotations and citation omitted).  Because the Court finds that the federal government does not have an articulable interest in the private employment of Mendoza, Oklahoma law governs whether Mendoza is a third-party beneficiary to the contract between the federal government and FSSI.

was not made expressly for Mendoza's benefit, but that at the most, Mendoza was an incidental beneficiary to the affirmative action provision. The Court, thus, finds that Mendoza can not maintain a third-party beneficiary claim. Additionally, the Court finds the fact that the main purpose of the contract – the provision of goods and services to the federal government – is unrelated to the affirmative action provision further indicates that Mendoza was not an intended beneficiary of the contract and may not bring a claim as a third-party beneficiary.[6]

Accordingly, the Court finds that FSSI is entitled to summary judgment as to Mendoza's third-party beneficiary claim.

IV.   CONCLUSION

For the reasons set forth above, the Court GRANTS FSSI's Motion for Summary Judgment [docket no. 33].

**IT IS SO ORDERED this 21st day of November, 2006.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE

---

[6]The Court would note that the other courts which have addressed this issue have reached the same conclusion. *See Lang v. Proctor & Gamble Distrib. Co.*, CIV. A. No. H-88-4212, 1989 WL 109695, at *1 (S.D. Tex. Aug. 4, 1989); *Stephens v. Roadway Express Co.*, Civil Action No. C82-367A, 1982 WL 358, at *7 (N.D. Ga. July 14, 1982); *Manuel v. Int'l Harvester Co.*, Civil Action No. 79 C 1772, 1981 WL 386, at *3 (N.D. Ill. Feb. 23, 1981). Mendoza, in contrast, has failed to cite any cases in which a third-party beneficiary claim was asserted successfully on affirmative action provisions that were incorporated as part of a government contract.